IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERALD D. HAMBRIGHT,**

    **Petitioner,**

    v.                                                                               CASE NO. 20-3294-SAC

**STATE OF KANSAS,**

    **Respondent.**

### ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The Court grants Petitioner's motion for leave to proceed *in forma pauperis*. The Court has conducted an initial review of the Petition and for the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed without prejudice.

**Background**

Petitioner is a pretrial detainee and his grounds for relief involve his state criminal proceedings. Although Petitioner's claims are not clear, he appears to be arguing that his criminal proceedings were taken off the docket for a competency determination. *See* Docs. 1, 3. His request for relief seeks to "fix the wrong," to clean his criminal record, and to have his medical bills paid. (Doc. 3, at 7.)

An online Kansas District Court Records search shows that Petitioner's state criminal cases remain pending. *See State v. Hambright*, Case Nos. 19-CR-3853 and 20-CR-1109 (Sedgwick County District Court).

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal

1

habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. Dec. 20, 2016) (unpublished) ("And insofar as Plaintiff seeks habeas relief under 28 U.S.C. § 2241 from his prosecution, he is barred for failure to first exhaust available state remedies.") (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief.")); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The burden of proving exhaustion rests with the prisoner. *Madden*, 671 F. App'x at 726 (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)).

In *Arter v. Gentry*, the Tenth Circuit agreed with the district court's decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished). Likewise, in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures. *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished). The Tenth Circuit found the district court's application of the *Younger* abstention doctrine to be appropriate. *Id*. at

760–61; *see also Albright v. Raemisch*, 601 F. App'x 656, 659–60 (10th Cir. 2015) (unpublished) (dismissing § 2241 petition challenging, inter alia, violation of rights against excessive bond, for failure to exhaust state court remedies).

In *Hodson v. Reams*, the Tenth Circuit found that the district court did not err in finding that the court must abstain from exercising jurisdiction over petitioner's challenge to the Colorado competency statute and allegations of ineffective assistance of counsel based on the *Younger* abstention doctrine. *Hodson v. Reams*, 823 F. App'x 659, 662 (10th Cir. 2020) (unpublished); *see also Hodson v. Reams*, 729 F. App'x 661 (10th Cir. 2018) (unpublished).

Because Petitioner's state criminal case is pending, he should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved and he has exhausted available state court remedies.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **January 4, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

**IT IS SO ORDERED**.

**Dated December 10, 2020, in Topeka, Kansas.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**