**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**GERALD D. HAMBRIGHT,**

      **Petitioner,**

      **v.**                               **CASE NO. 20-3294-SAC**

**STATE OF KANSAS,**

      **Respondent.**


**MEMORANDUM AND ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The Court conducted an initial review of the Petition and entered an Order to Show Cause (Doc. 6) granting Petitioner until January 4, 2021, in which to show good cause why this matter should not be dismissed without prejudice.

In the Order to Show Cause, the Court found that Petitioner is a pretrial detainee and his grounds for relief involve his pending state criminal proceedings. *See State v. Hambright*, Case Nos. 19-CR-3853 and 20-CR-1109 (Sedgwick County District Court).  A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). The burden of proving exhaustion rests with the prisoner.  *Madden v. Cleveland Cty.*, 671 F. App'x 725, 726 (10th Cir. Dec. 20, 2016) (unpublished) (citing *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993)).

1

In *Arter v. Gentry*, the Tenth Circuit agreed with the district court's decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished). Likewise, in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures. *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished). The Tenth Circuit found the district court's application of the *Younger* abstention doctrine to be appropriate. *Id*. at 760–61; *see also Albright v. Raemisch*, 601 F. App'x 656, 659–60 (10th Cir. 2015) (unpublished) (dismissing § 2241 petition challenging, inter alia, violation of rights against excessive bond, for failure to exhaust state court remedies).

In *Hodson v. Reams*, the Tenth Circuit found that the district court did not err in finding that the court must abstain from exercising jurisdiction over petitioner's challenge to the Colorado competency statute and allegations of ineffective assistance of counsel based on the *Younger* abstention doctrine. *Hodson v. Reams*, 823 F. App'x 659, 662 (10th Cir. 2020) (unpublished); *see also Hodson v. Reams*, 729 F. App'x 661 (10th Cir. 2018) (unpublished).

Petitioner has filed a response to the Court's Order to Show Cause. (Doc. 8.) Petitioner's response sets forth arguments regarding his pending criminal case, but fails to show good cause why his Petition should not be dismissed for failure to exhaust and based on the *Younger* abstention doctrine.

**IT IS THEREFORE ORDERED THAT** the Petition is **dismissed without prejudice**.

3

**IT IS FURTHER ORDERED** that Petitioner's Motion for Discovery (Doc. 8) is denied.

**IT IS SO ORDERED**.

**Dated January 12, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**

3